# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1999 SESSION

FILED

April 21, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ROCKY LEE COKER, | ) | |
| | ) | C.C.A. NO. 01C01-9804-CC-00152 |
| Appellant, | ) | |
| | ) | SEQUATCHIE COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM S. RUSSELL, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ROBERT S. PETERS**                        **JOHN KNOX WALKUP**
100 First Ave., Southwest              Attorney General & Reporter
Winchester, TN  37398
        -and-                          **DARYL J. BRAND**
**JOSEPH E. FORD**                          Asst. Attorney General
17 South College St.                   John Sevier Bldg.
Winchester, TN  37398                  425 Fifth Ave., North
                                       Nashville, TN  37243-0493


                                       **J. MICHAEL TAYLOR**
                                       District Attorney General
                                       265 Third Ave., Suite 300
                                       Dayton, TN  37321


OPINION FILED:_____


**APPEAL DISMISSED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner, who was convicted of first-degree murder and sentenced to death, petitioned for post-conviction relief. The post-conviction court granted relief in part, dismissed the balance of the petition, and remanded for resentencing. Following the resentencing hearing, the petitioner appealed. We dismiss the defendant's appeal because it was not timely perfected.

In 1989, the petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel in both the guilt and penalty phases of his trial. Although he was appointed counsel, no amended petition was filed, but after three petitioner-requested continuances, the parties met with the post-conviction court to narrow the issues and "discuss the proper procedure of this case." At this meeting, counsel for the petitioner represented to the post-conviction court that a review of the trial transcript would establish the ineffectiveness of the petitioner's trial counsel. By agreement of the parties, the post-conviction court judge read the trial transcripts, after which he entered a written order dated April 22, 1996. In this order, the post-conviction court dismissed the petition to the extent it challenged the conviction, finding that all issues had been previously determined or waived or were facially without merit. Finding that the petitioner's sentencing hearing was "fatally flawed," however, the post-conviction court sustained the petition to the extent it challenged the sentence and remanded it for a new sentencing hearing. No appeal was taken from this April 1996 order.

Nearly one month later, the Tennessee Supreme Court appointed the post-conviction court judge to preside over the petitioner's resentencing hearing. The defendant waived his right to have a jury set his sentence, and a nonjury resentencing

2

hearing was held in August 1996. In a written order filed in September 1996, the judge sentenced the petitioner to life imprisonment. Within thirty days, the petitioner, through appointed counsel, filed a notice of appeal "from the final judgment entered in this action on the 18th day of September, 1996."

In his brief, the petitioner argues that the trial court erred by not conducting a full and complete hearing on that portion of the petition that raised issues concerning the guilt phase of the petitioner's trial. His argument, then, does not challenge the September 1996 resentencing order, even though his notice of appeal states he is appealing that order. See T.R.A.P. 3(f)(stating that the notice of appeal "shall designate the judgment from which relief is sought"). Rather, his argument challenges the April 1996 order that dismissed without a hearing the portion of the petition that challenged his conviction.

A defendant may appeal as of right from a final judgment in a post-conviction proceeding. T.R.A.P. 3(b). The petitioner treats the September 1996 resentencing order as if it were the final judgment in his post-conviction proceeding, but this order is not a product of the post-conviction proceeding. The petitioner's post-conviction case was concluded when the court entered the April 1996 order that granted post-conviction relief in part and dismissed the balance of the petition. See T.C.A. § 40-30-122 (1990)(repealed 1995)("The order granting or denying relief under the provisions of this chapter shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."). Because the April 1996 order was the final judgment in his post-conviction proceeding, the petitioner should have filed a notice of appeal within thirty days of that order, rather than the September 1996 order, if he wished to appeal the post-conviction

3

court's ruling on his petition for post-conviction relief. T.R.A.P. 4(a). Although timely filing of a notice of appeal is not jurisdictional in criminal cases, the petitioner has not shown how waiving timely perfection of his appeal would be in the interest of justice. See T.R.A.P. 4(a). Accordingly, his appeal is dismissed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge

4